**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO**

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | |
| DEBORAH HIRABAI, D.C., NORTH AURORA CHIROPRACTIC, INC. f/n/a KING CHIROPRACTIC, INC., NORTH AURORA CHIROPRACTIC #2, INC., AND ALLIED PROFESSIONALS INSURANCE COMPANY, a Risk Retention Group, Inc., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), by and through its undersigned counsel, and for its Complaint for Declaratory Judgment against Defendants Deborah Hirabai, D.C. ("Hirabai"), North Aurora Chiropractic, Inc. f/n/a King Chiropractic, Inc. ("King"), North Aurora Chiropractic #2, Inc. ("North Aurora"), and Allied Professionals Insurance Company, a Risk Retention Group, Inc. ("Allied"), states as follows:

**INTRODUCTION**

1.      National Union seeks a declaration that it owes no duty to indemnify Hirabai with respect to defense costs and settlement in connection with the lawsuit captioned *Fernandez v. Swenson, et al.*, Civil Action No. 2013CV1038, filed in the Arapahoe County District Court (the "Underlying Lawsuit").

2.      Hirabai seeks reimbursement of defense costs and indemnity from National Union with respect to the Underlying Lawsuit under chiropractor professional liability plus policies issued by National Union to King and North Aurora.  National Union owes no duty to reimburse

1

Hirabai for the defense costs and settlement because Hirabai is not an insured.  Alternatively, the National Union policies apply excess of Hirabai's other insurance issued by Allied.

3.       Accordingly, a real, substantial, and justiciable controversy has arisen and now exists between National Union and Hirabai, King, North Aurora, and Allied. This controversy is subject to resolution under 28 U.S.C. §§ 2201 and 2202.

## PARTIES

4.       Plaintiff National Union is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in New York, New York.  At all times relevant hereto, National Union was authorized to, and has in fact, transacted business in the State of Colorado.

5.       Defendant Hirabai is a Doctor of Chiropractic licensed to practice in Colorado.

6.       Defendant King is a corporation organized and existing under the laws of the State of Colorado, with its principal place of business in Aurora, Colorado.

7.       Defendant North Aurora is a corporation organized and existing under the laws of the State of Colorado, with its principal place of business in Aurora, Colorado.

8.       Defendant Allied is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business in Orange, California.

## JURISDICTION AND VENUE

9.       Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332(a), because the plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

10.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims for which the parties dispute insurance coverage took place in this district.

## THE UNDERLYING LAWSUIT

11.     On August 8, 2013, Jose Jaime Fernandez filed his Amended Complaint and Jury Demand, case no. 2013CV1038, in the Arapahoe County District Court against King, Michael Swenson, D.C., and Hirabai (the "Underlying Lawsuit"). The Amended Complaint is attached as Exhibit A.

12.      The Amended Complaint alleges that, on July 16, 2012, Mr. Fernandez sought treatment from Swenson and Hirabai at King for right shoulder and neck pain.

13.     The Amended Complaint alleges that, on July 16, 2012, Mr. Fernandez was seen by Swenson and Hirabai. Swenson and Hirabai allegedly obtained a medical history and x-rays of Mr. Fernandez's neck and advised that Mr. Fernandez did not sustain a fracture in his neck.

14.     The Amended Complaint alleges that, on July 16, 2012, Hirabai performed manual traction to Mr. Fernandez's neck, causing Mr. Fernandez to experience a "crack sensation" and immediate and severe neck pain and dizziness.

15.     The Amended Complaint alleges that Mr. Fernandez's pain increased, and he sought additional treatment on July 22, 2012 at the Medical Center of Aurora emergency room, where he was diagnosed with a C6-7 fracture and underwent a cervical discectomy with internal reduction and fusion.

16.     On May 30, 2015, Mr. Fernandez, Swenson, and King entered into a settlement for claims asserted against Swenson and King in the Underlying Lawsuit.

17.     On July 10, 2015, Mr. Fernandez and Hirabai entered into a settlement for claims asserted against Hirabai in the Underlying Lawsuit.

## THE NATIONAL UNION POLICIES

18.     National Union issued to Michael Swenson, D.C. Chiropractor Professional Liability Plus Insurance Policy no. 066534115, effective annually from April 15, 2012 to April 15, 2014 (the "Michael Swenson National Union Policies").

19.     National Union issued to Vicki Swenson, D.C. Chiropractor Professional Liability Plus Insurance Policy no. 066534114, effective annually from April 15, 2012 to April 15, 2014 (the "Vicki Swenson National Union Policies").

20.     The Michael Swenson National Union Policies and the Vicki Swenson National Union Policies provide coverage on identical forms and are collectively referred to as the "National Union Policies."

21.     The National Union Policies provide professional liability coverage as follows:

**We** will pay those sums an **Insured** becomes legally obligated to pay others as damages resulting from a **chiropractic incident**. The amount we will pay for damages is limited as described in Section VI.  LIMITS OF LIABILITY. The **chiropractic incident** must take place within the Coverage Territory and on or after the retroactive date and before the end of the **policy period**. A **claim** for a **chiropractic incident** must be first made against an **Insured** during the **policy period** or the extended reporting period, if applicable.

22.     The National Union Policies define **Insured** as "any person or organization qualifying as such under Section III. WHO IS AN INSURED."

23.     Section III. WHO IS AN INSURED of the National Union Policies provides:

The following are **Insureds** under this policy:

A.      **You**;

B.      The **Named Insured Entity**; including the partners, officers, directors and medical directors of such **Named Insured Entity**, but only while acting within the scope of their nonclinical administrative duties as such.

4

C.    **Employees**, other than chiropractors, but only for acts within the scope of their employment by **you** or by the **Named Insured Entity** or while performing duties related to the conduct of your business or the **Named Insured Entity's** business.

24.    The National Union Policies define **employees** as "a person paid by you or the **Named Insured Entity** in connection with **your** business or the **Named Insured Entity's** business."

25.    The Michael Swenson National Union Policies include as **Named Insured Entities** "North Aurora Chiropractic #2, Inc.; King Chiropractic."

26.    Pursuant to Endorsement No. 3, Policy Change Endorsement (Claims Made), the Vicki Swenson National Union Policies include as **Named Insured Entity** "North Aurora Chiropractic, Inc."

27.    The National Union Policies define **claim** as "an express, written demand against an **Insured** for monetary damages, including a suit."

28.    The National Union Policies define the words **we**, **us**, and **our** to mean "the company providing insurance under this Policy," or National Union.

29.    The National Union Policies define **chiropractic incident** as follows:

**Chiropractic Incident** means any act, error or omission in the providing of or failure to provide **professional services**.

**Chiropractic incident** includes any act, error or omission in the rendering or failure to render emergency first aid, if such aid is rendered without the receipt of or expectation of remuneration and provided that the injured party would have suffered additional injury or death had such assistance not been rendered or performed.

All damages arising from any act, error or omission in the providing of or failure to provide **professional services** to a woman and/or her unborn child or children during the course of a pregnancy (including pre-natal, delivery and post-natal care) will be deemed to be a single **chiropractic incident**.

30.    The National Union Policies define **professional services** as follows:

**Professional services** means services which are within the scope of practice of a chiropractor in the state in which the chiropractor is licensed. **Professional services** include **your** services as an educator either in any state or country or as a member of a formal accreditation, standards review, or similar professional board or committee, including as a director or officer of such board or committee.

**Professional Services** also includes services provided by **employees** but only while: (1) in **your** employment or the **Named Insured Entity's** employment, (2) acting under **your** direction or the **Named Insured Entity's** direction, (3) licensed or certified where required by law, and (4) trained and qualified to perform in his/her capacity as **employee**.

**Professional Services** does not include any services furnished by **you** as a practitioner of any other healing or treating art.

31.     The National Union Policies contain the following condition:

G.      Other Insurance

The insurance provided under this Policy shall be excess over other valid insurance or self insurance, whether collectable or not, and whether provided on a primary, excess, contingent or any other basis, unless such other insurance is written specifically to be excess over this Policy.

## THE ALLIED POLICY

32.     Allied issued to Hirabai Claims Made Professional Liability Member Policy no.

APIC-239641, effective October 19, 2012 to October 19, 2013 (the "Allied Policy").

33.     The Allied Policy provides professional liability coverage as follows:

A.      **Professional Liability**. The Company shall pay on behalf of the Named Insured all sums which the Named Insured shall become legally obligated to pay as Damages because of any claim reported against the Named Insured for injury arising out of the rendering of or failure to render, during the Policy Period as set forth in the Declarations (the "Policy Period"), Professional Services in the practice of the Named Insured as stated in the Declarations of this Policy I) by the Named Insured or 2) by any person for whose acts or omissions the Named Insured is legally responsible (as described in Article III hereof), and 3) only if such claim is first made and is reported to the Company during the Policy Period.

34.     The Allied Policy defines persons insured by the Allied Policy, in relevant part, as

the Named Insured.

35.     Hirabai is the Named Insured under the Allied Policy.

36.     Covered **Professional Services** under the Allied Policy include Chiropractic and Acupuncture services.

**COUNT I**
**(Declaratory Relief – All Defendants)**

37.     National Union repeats and re-alleges the allegations of Paragraphs 1 through 35 of its Complaint for Declaratory Judgment as though fully set forth herein.

38.     Subject to its terms, conditions, limitations and exclusions, the National Union Policies provide professional liability insurance to an **insured**.

39.     Hirabai is not the First Named Chiropractor under the National Union Policies.

40.     Hirabai is not a partner, officer, director, or medical director of a **Named Insured Entity**.

41.     Hirabai is a chiropractor.   Chiropractors are specifically excluded from the definition of insured **employees**.

42.     Hirabai is not an **insured** under the National Union Policies because, even if she is an employee, she is a chiropractor.   Chiropractor employees are not insureds under the National Union Policy.

43.     Coverage under the National Union Policies, if any, is subject to Condition G. Other Insurance.

44.     Pursuant to Condition G. Other Insurance, the National Union Policies are excess over other valid insurance or self-insurance, unless such other insurance is written specifically to be excess over the National Union Policies.

45.     The Allied Policy is valid insurance for claims against Hirabai in the Underlying Lawsuit and is not specifically written to be excess over the National Union Policies.

7

46.     Coverage for Hirabai in the Underlying Lawsuit under the National Union Policies, if any, is excess over the Allied Policy.

47.     Defense and indemnity of the Underlying Lawsuit did not exhaust the limits of the Allied Policy and therefore, the National Union Policies were not implicated, even if Hirabai was an insured (which she is not).

48.     Accordingly, National Union owes no coverage obligation to Hirabai with respect to the Underlying Lawsuit under the National Union Policies.

WHEREFORE, National Union respectfully prays that this Honorable Court enter an order:

(a)     declaring that Hirabai is not an "insured" under the National Union Policies with respect to the Underlying Lawsuit;

(b)     declaring that National Union did not have a duty to defend Hirabai under the National Union Policies with respect to the Underlying Lawsuit;

(c)     declaring that National Union has no obligation to indemnify Hirabai under the National Union Policies with respect to defense costs and settlement in connection with the Underlying Lawsuit;

(d)     in the alternative, declaring that National Union owes no obligation to indemnify Hirabai for defense costs or settlement payment in connection with the Underlying Lawsuit because the National Union Policies are excess to the Allied Policy; and

(e)     for such other relief as the Court deems just and appropriate.

Dated: February 27, 2019                    Respectfully submitted,

                                            NATIONAL UNION FIRE INSURANCE
                                            COMPANY OF PITTSBURGH, PA.


                                            By:    /s Matthew J. Fink
                                                      One of Its Attorneys

8

Matthew J. Fink
Colorado Bar #51753
NICOLAIDES FINK THORPE
MICHAELIDES SULLIVAN LLP
71 South Wacker Drive, Suite 4400
Chicago, IL 60606
(312) 585-1400
(312) 585-1401
mfink@nicolaidesllp.com

*Counsel for Plaintiff National Union Fire*
*Insurance Company of Pittsburgh, Pa.*

9