**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-00577-KLM

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA

Plaintiff

v.

DEBORAH HIRABAI, D.C.; NORTH AURORA
CHIROPRACTIC, INC. f/k/a KING CHIROPRACTIC, INC.;
NORTH AURORA CHIROPRACTIC #2, INC., AND
ALLIED PROFESSIONALS INSURANCE
COMPANY, a Risk Retention Group, Inc.

Defendants

---

## DEBORAH HIRABAI, DC'S MOTION TO DISMISS

---

Deborah Hirabai, DC, through counsel, moves to dismiss National Union Fire Insurance

Company of Pittsburgh, PA's ("National Union") Complaint pursuant to the Federal Declaratory

Judgment Act, 28 U.S.C. §2201, and Fed. R. Civ. P. 12(b)(1) and (6), stating as follows:

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), counsel conferred regarding the relief requested in

this motion. Plaintiff is opposed.

## INTRODUCTION

National Union lacks standing and this Court should dismiss the Complaint because

granting the requested relief would not terminate a controversy, the claim is time-barred, and the

issues raised have already been decided by the Arapahoe County District Court ("Colorado Court")

1

in *Deborah Hirabai v. King Chiropractic*, Arapahoe County Case No. 2015CV32149 ("Indemnity Action"). Tellingly, National Union omits mention of the Indemnity Action from its Complaint. Yet, this action is nothing more than an improper motion for reconsideration of a Colorado jury's verdict and the Colorado Court's prior rulings.

Defendant Michael Swenson owns and operates a chiropractic clinic that provides services as Defendants King Chiropractic, Inc., North Aurora Chiropractic, Inc., and North Aurora Chiropractic #2, Inc. (collectively "King"). These entities are all named insureds under liability policies issued by National Union and effective from April 2012 to April 2014 ("Policies").[1]

In August 2013, a patient alleged that Drs. Swenson and Hirabai were negligent in care they provided at King in July 2012 and that King was vicariously liable for such negligence ("Underlying Lawsuit").[2] National Union appointed Katharine Laubach to represent King and Drs. Swenson and Hirabai.[3] National Union later directed Ms. Laubach to cease representation of Dr. Hirabai after Defendant Allied Professionals Insurance Company ("Allied") appointed Dr. Hirabai separate counsel to protect her individual interests.[4] Because she was never informed otherwise, Dr. Hirabai believed that Ms. Laubach remained part of a team effort defending against the claims and looking out for both her personal, and the defendants' collective, interests.[5]

---

[1]   Doc 1, ¶¶25-26; Ex. A, April 17, 2018 ORDER – RE: Defendants' Motion for Declaratory Judgment, ¶¶13-15. National Union is a subsidiary of American International Group, Inc. ("AIG"). The Policies were brokered by, and bear the name, "Chiro Secure."

[2]   Doc 1-1. Venue was thereafter changed to Arapahoe County District Court and the case number was changed to 2013CV1038.

[3]   Ex. B, March 16, 2017 ORDER – RE: Plaintiff's Motion to Disqualify Defendant King Chiropractic's Counsel, ¶3(b).

[4]   Ex. C, March 3, 2017 [King's] Response to Plaintiff's Motion to Disqualify Counsel, p. 2 (citing Exhibits B and C to Response).

[5]   Ex. B, March 16, 2017 Order, ¶5(a).

The defendants mounted a joint defense in the Underlying Lawsuit until June 1, 2015 when National Union/AIG representative, Dale Nellums, and Ms. Laubach advised King and Dr. Swenson to settle the claims against them and expressly exclude Dr. Hirabai from settlement.[6] Although Dr. Hirabai demanded that King defend and indemnify her, Ms. Laubach refused the demand and Dr. Hirabai separately settled the claims against her on July 13, 2015.[7]

Dr. Hirabai filed her common law Indemnity Action against King on September 3, 2015, seeking indemnification based on her status as an employee.[8] Ms. Laubach, over Dr. Hirabai's objection, represented King. King answered on February 8, 2016 admitting that Dr. Hirabai was an employee, which was consistent with the undisputed testimony in the Underlying Action, as well as King's filings with various state and federal governmental agencies.[9] King later changed course and denied that Dr. Hirabai was an employee after the Colorado Court held, as a matter of law, that: (1) employers owe a duty to defend and indemnify chiropractic employees;[10] (2) Dr. Hirabai was entitled to a defense and indemnification from King if she was an employee;[11] (3) Dr. Hirabai did not forfeit the right to a defense and indemnity because joint representation would have left her separate legal interest unprotected;[12] and (4) any duty to provide earlier notice to King of a claim for a defense and indemnity was waived.[13]

---

[6]  *Id*. at ¶5(b) (citing Exhibit C to Response).

[7]  Ex. D, January 18, 2018 ORDER – RE: Plaintiff's Motion for Determination of Law – <u>Final Order</u>, ¶¶5(s)-(v).

[8]  Ex. E, August 30, 2016 ORDER – RE: Plaintiff's Motion for Determination of Law, ¶1(a).

[9]  Ex. F, February 8, 2016 Answer to Plaintiff's First Amended Complaint, ¶¶4-5, 11.

[10]  Ex. D, January 18, 2018 Order, ¶¶20-22.

[11]  *Id*.

[12]  Ex. G, April 17, 2018 ORDER – RE: Defendants' Motion for Determination of Law, ¶18(a).

[13]  *Id*. at ¶22.

Ms. Laubach, with the full knowledge and authorization of National Union, moved for a determination that Dr. Hirabai was not insured under the Policies, making the same arguments presented here.[14] The Colorado Court fully considered these arguments and found that the Policies provide coverage for chiropractic incidents claimed against any chiropractor employee during the policy period.[15] The Court found that claims in the Underlying Lawsuit "clearly fall within the 'Professional Liability' coverage in the [Policies] for errors or omissions in professional services provided by chiropractors."[16] Accordingly, the Colorado Court held that Dr. Hirabai was covered under the Policies if she was an employee of King.[17]

A trial was held December 10-13, 2018 and a jury determined that Dr. Hirabai was an employee when she worked at King in 2012.[18]

Throughout the Underlying Lawsuit and Indemnity Action, National Union provided King a defense under the Policies without issuing a reservation of rights and without advising King to obtain personal counsel. National Union controlled the defense, including appointing and maintaining Ms. Laubach and all settlement decisions. For example, National Union:

- Advised King to settle the Underlying Lawsuit and exclude Dr. Hirabai.

- Delayed acceptance of service of the Indemnity Action purportedly to consider a settlement offer from Dr. Hirabai, requesting direct negotiation with Ms. Nellums, who on January 8, 2016, following a six week period without responding to multiple contacts, claimed she would "get on this right away," but then never again responded.[19]

---

[14] Ex. H, February 16, 2018 [King's] Motion for Declaratory Judgment regarding Plaintiff Deborah Hirabai's Insurer, §VI(A) (p. 7-9).

[15] Ex. A, April 17, 2018 Order re: Declaratory Judgment, ¶18(a).

[16] *Id*. at ¶14(b).

[17] *Id*. at ¶¶18-19.

[18] Ex. I, Jury Verdict Form.

[19] Ex. J, January 8, 2016 Nellums E-Mail.

- Asserted in May 2016, that National Union/AIG was represented by Ms. Laubach, and forbid direct communication between any representatives of Allied and National Union except through Ms. Laubach.[20]

- Attended Court ordered mediation with only Ms. Laubach and Ms. Nellums present, and refused to entertain settlement discussions related to Dr. Hirabai's settlement of the Underlying Lawsuit.

- Refused offers to substitute King with National Union to eliminate King from the lawsuit.[21]

- Determined that there would be no settlement discussions prior to trial.[22]

Having controlled the defense in both the Underlying Lawsuit and the Indemnity Action, without reservation of rights or advising King regarding personal counsel, National Union is obligated to pay any judgment entered in the Indemnity Action against King.

Nonetheless, National Union seeks a declaration that it owed no duty under the Policies to defend and indemnify Dr. Hirabai. This ignores the facts that Dr. Hirabai has never made a direct claim under the Policies and that National Union is obligated to indemnify King for any judgment entered in the Indemnity Action regardless of whether Dr. Hirabai is a named insured or whether such insurance is primary or secondary. Hence, National Union lacks standing and its claim impermissibly seeks an advisory opinion.

## LEGAL AUTHORITY

Lack of standing is a jurisdictional defect and is properly addressed under Fed. R. Civ. P. 12(b)(1). *Colo. Envtl. Coalition v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004). When considering a motion under Rule 12(b)(1) challenging the facts upon which subject matter

---

[20] Ex. K, May 2016 Emails re: Insurer as Client, p. 6-8.

[21] *Id*. at p. 4-5.

[22] Ex. L, November 1, 2018 Email re: No Interest in Settlement Talks.

jurisdiction depends, "a district court may not presume the truthfulness of the complaint's factual allegations." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (internal citations omitted). The district court may allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id*. In this context, consideration of outside materials does not convert the motion to dismiss to a motion for summary judgment. *Id*.

Courts are not required to exercise jurisdiction over declaratory judgment actions even where a controversy exists between the parties. Under the Federal Declaratory Judgment Act, courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 USC §2201(a). When sitting in diversity, federal courts apply the Declaratory Judgment Act because it is a procedural statute that does not create substantive rights; the court still applies state substantive law. *Del. State Univ. Student Hous. Found. v. Ambling Mgmt. Co.*, 556 F. Supp. 2d 367 (D. Del. 2008); *First Nationwide Mortg. Corp. v. FISI Madison, LLC*, 219 F. Supp. 2d 669 (D. Md. 2002); *Allstate Ins. Co. v. Cox*, 154 F. Supp. 939 (D. Cal. 1957).

The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241, 97 L. Ed. 291, 73 S. Ct. 236 (1952). In *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995), the United States Supreme Court recognized that the Act's use of the word "may" signals that the exercise of jurisdiction is permissive, rather than mandatory. The *Wilton* Abstention Doctrine vests "district courts with greater discretion in declaratory judgment actions that that permitted under the 'exceptional circumstances' test of *Colorado River* and *Moses H. Cone*." *Id*. at 286. "A district court's decision to grant, stay, or

dismiss a declaratory judgment action is reviewed only for abuse of discretion." *Qwest Communs. Int'l Inc. v. Thomas*, 52 F. Supp. 2d 1200, 1204 (D. Colo. 1999) (citing *Wilton, supra*).

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the formal sufficiency of the statement of the claim for relief. While the court must accept "all well-pleaded factual allegations . . . as true," the allegations in a complaint must be plausible. *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain enough facts to state a cause of action that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555).

In passing on a motion to dismiss under Rule 12(b)(6), the court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007). The court may take judicial notice of facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The court must take judicial notice of such a fact "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Judicial notice is available at any stage of the proceedings. Fed. R. Evid. 201(d). Federal courts may take judicial notice of state court records. *See Taylor-Tillotson v. United* States, 601 Fed. Appx. 934 (Fed. Cir. 2015); *In re: Sas*, 488 B.R. 178 (Bankr. D. Nev. 2013); *Reyes v. Fairfield Props.*, 661 F. Supp. 2d 249 (E.D.N.Y. 2009).

**MOTION**

1.      **National Union Lacks Standing to Pursue this Declaratory Judgment Action because Granting the Requested Declaration will not Terminate an Actual Controversy**

Article III of the Constitution limits the exercise of judicial power to "cases" and "controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 119 L. Ed. 2d 351, 364, 112 S. Ct. 2130, 2136 (1992). The constitutional minimum of standing requires: (1) injury in fact to a legally protected interest which is concrete and imminent; (2) a causal connection between the injury and the conduct complained of that is "fairly . . . trace[able] to the challenged action of the defendant. . . "; and (3) likelihood that the injury will be redressed by a favorable decision. *Id*. at 560-561. These requirements ensure that the judicial power is only exercised to resolve actual disputes rather than to provide advisory opinions. *Id*. at 560.

National Union's Complaint ignores that Dr. Hirabai has never asserted a contract claim, bad faith claim, or claim for indemnification against National Union. Rather, Dr. Hirabai asserted a common law indemnity claim against her employer, King, based on common law agency principles. The Colorado Court recognized this distinction, stating that King asserts "that Hirabai has no contractual basis for her indemnity claim, and Hirabai does not dispute that the basis for her claim is <u>not</u> in contract, but only under the common law. Therefore, the Court will <u>not</u> address this issue further."[23] The Colorado Court only considered whether Dr. Hirabai was included as an insured under the Policies after King raised the issue in a motion for declaratory judgment.[24] Dr. Hirabai responded to King's motion, which was denied, but did not seek to assert any direct claim against National Union.

---

[23]    Ex. D, January 18, 2018 Order, fn. 1. (emphasis in original) (internal citations omitted).

[24]    Ex. A, April 17, 2018 Order re: Declaratory Judgment, ¶2.

In the Indemnity Action, the Colorado Court determined that King is legally obligated to defend and indemnify its employees based on a common law duty. Importantly, no one disputes that King is included within the definition of "Insured."[25] National Union does not request a declaration that it has no duty to defend or indemnify King and, in fact, would be estopped from doing so because National Union failed to reserve any rights to disclaim an obligation to defend or indemnify King in the Indemnity Action. Hence, National Union is required to cover King for any judgment in the Indemnity Action regardless of whether Dr. Hirabai is determined in this action to be an Insured covered under the Policies. Similarly, whether the Policies are excess to Allied's policy is irrelevant because King is not insured by Allied.

To the extent National Union will suffer an injury in fact to a legally protected interest, such injury is due to its contractual relationship with King. If King had not filed the motion for declaratory judgment, Dr. Hirabai would not have requested judgment against National Union; rather, she would have allowed King and National Union to address coverage issues amongst themselves. Dr. Hirabai should not be required to litigate a separate federal proceeding after King injected the issue of insurance coverage into the Indemnity Action. National Union lacks standing because there is no dispute between it and Dr. Hirabai. Further, nothing will change if the Court grants the requested relief because the requested declaration here would not change the ultimate duty of National Union to indemnify King. Because any declaration in this case would not terminate a controversy and would constitute an advisory opinion, National Union does not have standing to proceed against Dr. Hirabai and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

---

[25]   *Id*. at ¶16; Doc 1, ¶¶25-26.

**2.** **This Court should Decline to Exercise Jurisdiction pursuant to the *Wilton* Abstention Doctrine**

The Federal Declaratory Judgment Act confers discretion on trial courts to abstain from hearing cases even where the allegations would support federal subject matter jurisdiction. *See* 28 U.S.C. § 2201; *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241, 87 L. Ed. 291, 73 S. Ct. 236 (1952). "Federal jurisdiction does not lie simply because relief is requested under the Federal Declaratory Judgment Act." *Colonial Penn Group, Inc. v. Colonial Deposit Co.*, 834 F.2d 229, 232 (1st Cir. 1987).

The purpose of the Declaratory Judgment Act is to settle actual controversies before they ripen into breaches of duty. *United States v. Fisher-Otis Co.*, 496 F.2d 1146 (D. Okla. 1974). Declaratory relief is proper "only: (1) where the judgment will serve a useful purpose in clarifying and settling the legal relations in issue; or (2) when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceedings." *Maryland Cas. Co. v. Rosen*, 445 F.2d 1012, 1014 (2nd Cir. 1971); *Obsolete Ford Parts v. Ford Motor Co.*, 306 F. Supp. 2d 1154 (W.D. Okla. 2004); *Hetherington v. Griffin Television, Inc.*, 430 F. Supp. 493 (W.D. Okla. 1977); Fed. R. Civ. P. 57 Advisory Committee note. A declaratory judgment that will not terminate the controversy between parties is a significant factor in deciding whether to entertain a declaratory relief action. *Gross v. Fox*, 496 F.2d 1153 (3rd Cir. 1974). Courts cannot pass on hypothetical claims and declaratory judgment is inappropriate where such a judgment would constitute an advisory opinion where no controversy has arisen. *Golden v Zwickler*, 394 U.S. 103, 22 L. Ed. 2d 113, 89 S. Ct. 956 (1969); *Coffman v. Breeze Corp.*, 323 U.S. 316, 89 L. Ed. 264, 65 S. Ct. 298 (1945).

The United States Supreme Court has recognized that the Act's use of the word "may" signals that the exercise of jurisdiction is permissive, rather than mandatory. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995). In *Wilton*, the United States Supreme Court considered when a trial court may abstain from hearing a Federal Declaratory Judgment Act claim even where the complaint satisfies the jurisdictional requirements for federal jurisdiction. 515 U.S. 277. After considering numerous prior decisions and abstention doctrines, the Supreme Court found that "distinct features of the Declaratory Judgment Act . . . justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of *Colorado River* and *Moses H. Cone*." *Id.* at 286. The Court concluded that *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 86 L. Ed. 1620, 62 S. Ct. 1173 (1942), "governs this declaratory judgment action and that district courts' decisions about the propriety of hearing declaratory judgment actions, which are necessarily bound up with their decisions about the propriety of granting declaratory relief, should be reviewed for abuse of discretion." *Id.* at 289-290. The Court declined to "delineate the outer boundaries of that discretion," instead leaving such determinations to the sound discretion of the trial court.

The Federal District Court for the District of Colorado has outlined factors which it may consider when deciding whether to abstain from hearing cases under the *Wilton* Abstention Doctrine. *See Transfinancial Corp. v. Xcel Energy, Inc.*, 2007 U.S. Dist. LEXIS 83636 *3-4, 2007 WL 3256642 (Civil Action No. 07-cv-01401-WDM-CBS). Such factors include: "(1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to *res judicata;'* (4) whether

use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective." *Id.* (quoting *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10ᵗʰ Cir. 1995) (citations omitted)).

Dr. Hirabai maintains that this action must be dismissed because National Union lacks standing. However, to the extent the Court does not dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1), it should exercise its discretion to decline jurisdiction pursuant to the *Wilton* abstention doctrine. As discussed above, a favorable judgment in this action will not terminate any controversy because National Union will remain obligated to indemnify King as a named insured under the Policies. National Union has not requested a declaration that it owes no indemnification duty to King and the requested relief will not settle any controversy.

Similarly, there is no need to clarify the legal relationship between National Union and Dr. Hirabai for two reasons. First, it is undisputed that National Union will be required to indemnify King for any amount it becomes obligated to pay.[26] Second, the Colorado Court has already clarified the legal relationship in response to King's motion for declaratory judgment.[27]

Because exercising jurisdiction over this matter would not terminate the controversy or provide useful guidance regarding the relations at issue, one cannot help but conclude this action is being brought merely for the purpose of 'procedural fencing' and to provide an 'arena for a race to *res judicata*.' Dr. Hirabai's claim is under the common law and a declaratory judgment in the form requested would have no bearing on whether King remains liable for the judgment entered

---

[26] Doc. 1, ¶¶21-30; Doc. 1-1.
[27] Ex. A, April 17, 2018 Order re: Declaratory Judgment.

in the Indemnity Action. The Colorado Court has already considered the issues raised in the Complaint and National Union only filed this federal proceeding because it is dissatisfied with the conclusions reached.

Finally, if this Court reaches a different conclusion than the Colorado Court there will be friction between the federal and state courts. The Indemnity Action should have an opportunity to proceed to final judgment before this Court exercises permissive jurisdiction over the declaratory relief action. Given the circumstances, this Court should decline jurisdiction over this matter pursuant to the *Wilton* Abstention Doctrine and dismiss the Complaint pursuant to its inherent authority under 28 U.S.C. §2201.

### 3.      Even if It Had Standing to Pursue the Requested Declaration, National Union's Claim is not Ripe for Adjudication

The question of whether a claim is ripe "bears on a court's subject matter jurisdiction under the case and controversy clause of Article III of the United States Constitution." *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498-99 (10th Cir. 1995). Therefore, a ripeness challenge, "like other challenges to a court's subject matter jurisdiction, is treated as a motion under Rule 12(b)(1)." *Id*. "When assessing ripeness, [courts] must 'evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" *Utah v. U.S. Dep't of the Interior*, 210 F.3d 1193, 1196 (10th Cir. 2000) (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49, 18 L. Ed. 2d 681, 87 S. Ct. 1507 (1967)). The following are considered in evaluating ripeness: "(1) whether delayed review would cause hardship to the plaintiff, (2) whether judicial intervention would inappropriately interfere with further administrative action, and (3) whether the courts would benefit from further factual

development of the issues presented." *Id*. (citing *Ohio Forestry Ass'n v. Siera Club*, 523 U.S. 726, 733, 140 L. Ed. 2d 921, 118 S. Ct. 1665 (1998)).

"A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300, 140 L. Ed. 406, 118 S. Ct. 1257 (1998) (quoting *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 581, 87 L. Ed. 2d 409, 105 S. Ct. 3325 (1985)). In short, the "[r]ipeness doctrine addresses a *timing* question: *when* in time is it appropriate for the court to take up the asserted claim." *Kansas Judicial Review v. Stout*, 519 F.3d 1107, 1116 (10th Cir. 2008) (quoting *ACORN v. City of Tulsa*, 835 F.2d 735, 738 (10th Cir. 1987) (emphasis in original).

As noted above, Dr. Hirabai did not assert a direct claim for indemnification against National Union because her claim is against King and is premised on common law agency principles. King injected the issue of insurance coverage in the Indemnity Action through its motion for declaratory judgment. Dr. Hirabai responded to King's motion rather than confess a declaratory judgment and the Colorado Court agreed with Dr. Hirabai's position. Although Dr. Hirabai requested that judgment be entered against both King and National Union, the request is premised on National Union's obligation to insure King and its employees.

Until the Colorado Court enters judgment against National Union, which may never happen, the controversy outlined in the Complaint is not ripe for judicial review. If this case proceeds and the Colorado Court does not enter judgment against National Union then the parties will have expended resources litigating an issue that did not need to be decided. Further, the Colorado Court may enter judgment against National Union based on the contract between it and King rather than the relationship between National Union and Dr. Hirabai. While there is no

hardship to National Union associated with delayed review, there is hardship to Dr. Hirabai if she is required to defend the Complaint before the controversy ripens. Further, this Court would benefit from a more complete development of the facts in the Indemnity Action. Accordingly, this matter is not ripe and the Complaint should be dismissed pursuant to Rule 12(b)(1).

**4.      Issue Preclusion Bars Re-litigation of the Issues Presented in the Complaint**

National Union asks this Court to re-litigate the finding of the Colorado Court that Dr. Hirabai, as an employee of King, is covered under the Policies.[28]  The Court should decline to do so because this issue was fully litigated and determined in the Indemnity Action and National Union's interests were adequately protected by Ms. Laubach.

In an action for declaratory judgment where the basis for federal jurisdiction is diversity, the court applies state substantive law and federal procedural law. *Del. State Univ. Student Hous, Found. v. Ambling Mgmt. Co.*, 556 F. Supp. 2d 367 (D.C. Del. 2008).  The Tenth Circuit applies state law to determine the preclusive effect of a state court judgment. *See Am. Fin. Life Ins. & Annuity Co. v. Youn*, 7 Fed. Appx. 913, 916 (10th Cir. 2001) (addressing preclusive effect of a state court probate action).  Issue preclusion, or collateral estoppel, bars re-litigation of issues actually litigated in, and necessary to, the outcome of a prior claim. *Shelter Mut. Ins. Co. v. Miller*, 300 P.3d 998 (Colo. App. 2013).  The proponent of issue preclusion must establish: (1) the issue sought to be precluded is identical to an issue actually and necessarily determined in the prior proceeding; (2) the party against whom estoppel is asserted has been a party to or is in privity with a party to the prior proceeding; (3) there is a final judgment on the merits in the prior proceeding; and (4) the

---

[28]    Ex. A, April 17, 2018 Order re: Declaratory Judgment, ¶¶18-20.

party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *Id*.

Preclusion may be raised via a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Wei v. Univ. of Wyo. College of Health Sch. Pharm.*, 2019 U.S. App. LEXIS 377 *8-9 (10th Cir. Jan. 7, 2019). The trial court may rule on a motion to dismiss under Rule 12(b)(6) before an answer is filed when all relevant facts are shown by documents that are subject to judicial notice. *Id*.; *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007). This includes records from state courts as such records are public and not subject to reasonable dispute. *See Taylor-Tillotson v. United* States, 601 Fed. Appx. 934 (Fed. Cir. 2015); *In re: Sas*, 488 B.R. 178 (Bankr. D. Nev. 2013); *Reyes v. Fairfield Props.*, 661 F. Supp. 2d 249 (E.D.N.Y. 2009).

An issue is actually and necessarily determined in an earlier proceeding if it "was actually litigated" and "its ultimate determination was in fact necessary to the judgment in that prior action." *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 85-86 (Colo. 1999). On February 16, 2018, Ms. Laubach submitted a Motion for Declaratory Judgment in the Indemnity Action seeking the same declaration requested here, arguing that: (1) the Allied Policy provides primary coverage for Dr. Hirabai; (2) the Policies exclude Dr. Hirabai as an insured or additional insured; and (3) the Policies "lack provisions or other language triggering a duty for [King] to defend Dr. Hirabai."[29] Dr. Hirabai responded on March 16, 2018 and Ms. Laubach replied on April 5, 2018.

---

[29] Ex. H, [King's] Motion for Declaratory Judgment, §VI(A) (p. 7-9).

The Colorado Court issued an Order on April 17, 2018 finding that determination of coverage under the Policies was relevant to the issues in the Indemnity Action and that the Colorado Court had jurisdiction over the motion.[30]  After considering the Policies and the briefing, the Colorado Court determined that Dr. Hirabai was covered under the Policies if she satisfied the criteria of an employee under the language of the Policies, which was encompassed within the relevant employment factors set forth in Colorado law.[31]

The jury in the Indemnity Action was instructed on the relevant employment factors and returned a verdict finding that Dr. Hirabai was, in fact, an employee when she worked at King in 2012.[32]   Given the Colorado Court's determination that the issue of insurance coverage was relevant to the dispute, the issues raised in National Union's Complaint were actually litigated and determined in the Indemnity Action and, based on the Colorado Court's Order, were relevant and necessary to the judgment.

It is undisputed that National Union was in privity with King and that Ms. Laubach represented and protected National Union's interest in the Indemnity Action by zealously asserting that Dr. Hirabai was not an employee and was not an Insured under the Policies.  "Privity between a party and a nonparty exists when there is a 'substantial identity of interests and a working or functional relationship in which the interests of the non-party are presented and protected by the party in the litigation.'" *Shelter Mut. Ins. Co.*, 300 P.3d at 1002 (quoting *Goldsworthy v. American Family Mut. Ins. Co.*, 209 P.3d 1108, 1115 (Colo. App. 2008).   A nonparty is adequately

---

[30]   Ex. A, April 17, 2018 Order re: Declaratory Judgment, ¶11.

[31]   *Id*. at ¶¶18-20.

[32]   Ex. I, Jury Verdict Form.

represented for preclusion purposes if the interests of the nonparty and his or her representative are aligned, and the procedure applied by the original court fairly ensured the protection of the interests of the nonparty. *Id.*

Ms. Laubach took the same position in the Indemnity Action that National Union asserts here. Importantly, National Union did not defend King under any reservation of rights and neither National Union nor Ms. Laubach ever advised King to obtain personal counsel. *See Shelter Mut. Ins. Co.*, 300 P.3d at 1003 (holding that an insurer was "not precluded from disputing its duty to indemnify after liability had been established when the insurer defended the insured under a valid reservation of rights, and there was a conflict between the facts the insurer wanted to establish to preclude coverage and the facts the insured wanted to establish to avoid liability").

While final judgment has not yet entered in the Indemnity Action overall, the Colorado Court's determination regarding coverage under the Policies is final.[33] Moreover, a judgment will enter shortly following the Colorado Court's determination of damages given that the jury found that Dr. Hirabai was King's employee in 2012.[34]

National Union had a full and fair opportunity to litigate the issues for two reasons: (1) Ms. Laubach, who reported to National Union, had an incentive to, and did, litigate the issue of insurance coverage vigorously; and (2) National Union could have intervened to the extent it felt such intervention was necessary. Specifically, Colorado provides for intervention as a matter of right "when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter

---

[33]  Ex. A, April 17, 2018 Order re: Declaratory Judgment, ¶¶18-20.

[34]  Ex. I, Jury Verdict Form; Ex. M, December 24, 2018 Order – Re: Limitation on Post-Trial Motions.

impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." C.R.C.P. 24(a). Colorado provides for permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." C.R.C.P. 24(b).

National Union appointed Ms. Laubach to represent King and was intimately involved in the defense of the Indemnity Action, including the decision to bring a motion to have the Colorado Court declare whether Dr. Hirabai was insured under the Policies. National Union allowed the Indemnity Action to continue through trial without raising any objection, intervening, or filing a declaratory judgment action. Finally, the remedies and procedures available in the Indemnity Action are identical to those available here given that this Court is sitting in diversity jurisdiction and must apply the same substantive law as was applied in the Indemnity Action.

Issue preclusion applies and National Union should not be rewarded for its decision to direct the Indemnity Action defense from behind the scenes and file this action only after it did not get the ruling it sought. Accordingly, the Court should dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and defer to the judgment of the Colorado Court on the issues raised in the Complaint.

5.     **National Union's Complaint is Time-Barred**

The Federal Declaratory Judgment Act does not contain a statute of limitations. *See* 28 U.S.C. § 2201. "When the declaratory judgment sought by a plaintiff would declare his entitlement to some affirmative relief, his suit is time-barred if the applicable limitations period has run on a direct claim to obtain such relief." *Ace Prop. & Cas. Ins. Co. v. Superior Boiler Works, Inc.*, 504 F. Supp. 2d 1154, 1159 (D. Kan. 2007). Colorado applies a two year statute of limitations for

declaratory judgment actions. *See Harrison v. Pinnacol Assur.*, 107 P.3d 969, 972 (Colo. App. 2004). Meanwhile, "contract actions, including personal contracts and actions under the Uniform Commercial Code, except as otherwise provided in section 13-80-103.5" must be commenced within three years after the cause of action accrues. §13-80-101(1)(a), CRS. Colorado adheres to the discovery rule "which generally involves an inquiry into when the party bringing the action acquired knowledge of or should have reasonably discovered the essential facts, rather than the applicable legal theory." *Harrison*, 107 P.3d at 972.

"A statute of limitations bar may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Bauer v. City & Cnty. of Denver*, 2014-cv-01746-LTB, 2015 U.S. Dist. LEXIS 87833 at *5-6 (D. Colo. July 7, 2015) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980)). Further, the court may consider documents which are subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007). The records of the Arapahoe County District Court are subject to judicial notice. *See Taylor-Tillotson v. United* States, 601 Fed. Appx. 934 (Fed. Cir. 2015); *In re: Sas*, 488 B.R. 178 (Bankr. D. Nev. 2013); *Reyes v. Fairfield Props.*, 661 F. Supp. 2d 249 (E.D.N.Y. 2009).

The Amended Complaint in the Underlying Lawsuit was filed on August 8, 2013[35] yet National Union did not file this declaratory action under February 27, 2019.[36] Dr. Hirabai tendered a formal written demand for indemnity on June 11, 2015 – 10 days after King and Dr. Swenson

---

[35] Doc 1-1.

[36] Doc. 1.

excluded her from settlement.[37]  This demand was rejected the next day on June 12, 2015 with

counsel stating that Dr. Hirabai was not an insured under the Policies.[38]

Dr. Hirabai then filed the Indemnity Action on September 3, 2015, asserting a common

law indemnity claim against King based on her status as an employee.[39]  King, through counsel

appointed by National Union, waived service of the Complaint on January 12, 2016[40] and filed an

Answer on February 8, 2016.[41]  Ms. Laubach was appointed by National Union and later precluded

Dr. Hirabai and Allied from contacting National Union directly.[42]

National Union was on notice of Dr. Hirabai's claim as early as August 8, 2013 and no

later than February 8, 2016.  Despite this, National Union waited until February 27, 2019 to file

its Complaint seeking declaratory judgment and never provided a reservation of rights to King or

Dr. Hirabai.  Further, National Union settled the vicarious liability claims in the Underlying

Lawsuit without obtaining consent from Dr. Hirabai despite the Policies providing that no claim

would be settled without the insured's consent.[43]  Hence, National Union's claim for declaratory

judgment is time-barred and its Complaint does not state a cause of action that is "plausible on its

face."  This Court should therefore dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

---

[37]  Ex. D, January 18, 2018 Order, ¶¶5(s)-(v).

[38]  *Id.*

[39]  Ex. E, August 30, 2016 Order, ¶1(a).

[40]  Ex. N, January 12, 201Waiver of Service.

[41]  Ex. F, February 8, 2016 Answer.

[42]  Ex. L, May 25, 2016 Emails re: Insurer as Client.

[43]  Ex. O, Chiro Secure Policy for North Aurora Chiropractic #2, Inc., and King Chiropractic, p. SWENSON 0038 (referenced in Complaint); Ex. P, Chiro Secure Policy for North Aurora Chiropractic, Inc., p. SWENSON 0006 (referenced in Complaint).

## CONCLUSION

Granting the requested relief will not terminate the controversy because National Union will remain obligated to indemnify King for any judgment entered in the Indemnity Action. National Union therefore lacks standing and the Complaint is properly dismissed pursuant to Fed. R. Civ. P. 12(b)(1).  To the extent the Court declines to dismiss the Complaint under Rule 12(b), the Court should exercise its discretion under the Federal Declaratory Judgment Act, decline jurisdiction pursuant to the *Wilton* Abstention Doctrine, and dismiss the Complaint.  Even if National Union does have standing to proceed, any actual controversy is not ripe for adjudication and the Complaint should be dismissed under Rule 12(b)(1).  Additionally, issue preclusion applies and prevents National Union from re-litigating issues which were actually and necessarily decided by the Colorado Court in the Indemnity Action.  Issue preclusion is an affirmative defense and subjects the Complaint to dismissal under Fed. R. Civ. P. 12(b)(6).  The Complaint is also subject to dismissal under Rule 12(b)(6) because it is time-barred having been filed over three years after National Union became aware of the Indemnity Action.

WHEREFORE Dr. Hirabai requests this Court enter an Order dismissing the Complaint and granting any further relief the Court deems just and proper.

DATED this 6th day of May, 2019.

*/s/Kari Hershey*
Kari M. Hershey #34246
Matthew George, #48830
Hershey Decker Drake
10463 Park Meadows Drive, Suite 209
Lone Tree, CO 80124
Telephone: (303) 226-1680
E-mail: kari@hersheydecker.com
matt@hersheydecker.com

**CERTIFICATE OF SERVICE**

I certify that on this 6th day of May, 2019, a true and correct copy of the foregoing was filed via CM/ECF and served upon the following:

*Attorney for National Union First Insurance Company of Pittsburgh, PA*:

Matthew J. Fink, Esq.
Nicolaides Fink Thorpe Michaelides Sullivan LLP
71 South Wacker Drive, Suite 4400
Chicago, IL 60606
Telephone: (312) 585-1400
E-mail: mfink@nicolaidesllp.com

*Attorneys for Allied Professionals Insurance Company*:

Jon F. Sands, Esq.
Marilyn S. Chappell, Esq.
Sweetbaum Sands Anderson, PC
1125 Seventeenth Street, Suite 2100
Denver, CO 80202
Telephone: (303) 296-3377
E-mail: jsands@sweetbaumsands.com; mchappell@sweetbaumsands.com

*Attorneys for North Aurora Chiropractic, Inc. and North Aurora Chiropractic #2, Inc.*:

Charles G. Crichton, Esq.
Stephen C. Kaufman, Esq.
Jennifer L. Crichton, Esq.
Kidneigh & Kaufman, P.C.
730 17th Street, Suite 635
Denver, CO 80202
Telephone: (303) 393-6666
E-mail: skaufman@kandkpc.com; ccrichton@kandkpc.com; jcrichton@kandkpc.com

/s/Matthew George
Matthew George, #48830
Hershey Decker Drake
10463 Park Meadows Drive, Suite 209
Lone Tree, CO 80124
Telephone: (303) 226-1672
Fax: (303) 226-1668
E-mail: matt@hersheydecker.com